Matthew J. Ross, Esq.
Mueller Law Group
19 Engle Street
Tenafly, NJ  07670
Tel: (201) 567-4969
Fax: (201) 567-4793

*Attorneys for Plaintiff, Case-Mate, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASE-MATE, INC. | Case No.:_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| VELVET CAVIAR GROUP, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

NOW COMES the Plaintiff, Case-Mate, Inc. ("Case-Mate"), and for its Complaint against the Defendant Velvet Caviar Group Inc ("Velvet Caviar"), hereby alleges and avers as follows:

NATURE OF THE CASE

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. §§1 et seq., including 35 U.S.C. §271.

2. Case-Mate seeks legal and equitable remedies for infringement of United States Patent No. 8,695,798 for a "CASE FOR ELECTRONIC DEVICES" (hereinafter the '798 Patent), United States Patent No. D728,547 for "Electronic Device Case with an Asymmetric Housing Cut-Out" (hereinafter the '547 Patent), and United States Patent No. D728,550 for "Electronic Device Case with Cut-Out Having Asymmetric Corners"

-1-

(hereinafter the '550 Patent), resulting from the actions and conduct of Defendant as set forth herein.

## PATENTS-IN-SUIT

3. U.S. Patent No. 8,695,798 was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") on April 14, 2014 after full and fair examination. The inventor assigned all rights in the '798 Patent to Case-Mate and the assignment of such rights has been recorded in the records of the USPTO.

4. Thus, Case-Mate is the owner of record of all right, title, and interest in and to the '798 Patent as well as the right to sue for, collect, and receive damages for past, present and future infringement of the '798 Patent.

5. The '798 Patent is valid, enforceable, and unexpired. A true and correct copy of the '798 Patent is attached hereto as **Exhibit A**.

6. U.S. Design Patent No. D728,547 for "Electronic Device Case with an Asymmetric Housing Cut-Out" was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") on May 5, 2015 after full and fair examination. The inventor assigned all rights in the '547 Patent to Case-Mate and the assignment of such rights has been recorded in the records of the USPTO.

7. Thus, Case-Mate is the owner of record of all right, title, and interest in and to the '547 Patent as well as the right to sue for, collect, and receive damages for past, present and future infringement of the '547 Patent.

8. The '547 Patent is valid, enforceable, and unexpired. A true and correct copy of the '547 Patent is attached hereto as **Exhibit B**.

9. U.S. Design Patent No. D728,550 for "Electronic Device Case with Cut-Out Having Asymmetric Corners" was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") on May 5, 2015 after full and fair examination. The inventor assigned all rights in the '550 Patent to Case-Mate and the assignment of such rights has been recorded in the records of the USPTO.

10. Thus, Case-Mate is the owner of record of all right, title, and interest in and to the '550 Patent as well as the right to sue for, collect, and receive damages for past, present and future infringement of the '550 Patent.

11. The '550 Patent is valid, enforceable, and unexpired. A true and correct copy of the '550 Patent is attached hereto as **Exhibit C**.

## THE PARTIES

12. Plaintiff Case-Mate, Inc. is a Georgia corporation with a principal place of business at 7000 Central Parkway, Suite 1050, Atlanta, Georgia 30328.

13. Upon information and belief, Defendant Velvet Caviar Group Inc is a New York Corporation with a principal place of business at 5 Brewster Street, Suite 137, Glen Cove, New York 11542. See **Exhibit D** (a printout of the New York Secretary of State's Corporation records).

14. Velvet Caviar conducts business in the United States through the internet which reaches and targets residents and citizens of New York. See **Exhibit E** (a printout of Velvet Caviar's website).

15. Velvet Caviar sells and ships products to citizens of New York.

16. Upon information and belief, Velvet Caviar has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting

business in this District, and has sought the protections and benefits of the laws of the State of New York.

## JURISDICTION AND VENUE

17. This Court has original subject matter jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a), because this action arises under the patent laws of the United States, including 35 U.S.C. §§1 *et seq*.

18. Upon information and belief, this Court has personal jurisdiction over Velvet Caviar by virtue of Velvet Caviar conducting substantial business in the United States, the State of New York, within this judicial district, and elsewhere, including transaction of business, solicitation of business, website, offers for sale, selling, and distributing its accused products in this District.

19. Upon information and belief, Velvet Caviar, either directly or through subsidiaries or intermediates (including distributors, retailers, and others), conducts its business extensively throughout New York, by making, shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of New York and this District.

20. Velvet Caviar, directly and/or through subsidiaries or intermediaries, purposefully and voluntarily placed its infringing products and/or services into the stream of commerce within the Eastern District of New York and/or intending for the infringing products to arrive at consumers within the Eastern District of New York.

21. Velvet Caviar has committed acts of patent infringement within the State of New York and this District.

22. Upon information and belief, Velvet Caviar owns and operates a commercial website at www.VelvetCaviar.com, through which customers may purchase the accused products. See **Exhibit E**.

23. Upon information and belief, Velvet Caviar's website is the primary means by which it sells the accused products.

24. Upon information and belief, Velvet Caviar also sells its products through Urban Outfitters. See **Exhibit F**.

25. Upon information and belief, Velvet Caviar has made numerous sales to citizens and residents of New York and of this District through its website.

26. Upon information and belief, Velvet Caviar specifically targets the consumers of New York and this District through various means, including by sending email advertisements for its accused products to consumers in New York and this District.

27. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2), §1391(c)(2), and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, Velvet Caviar has committed acts of patent infringement in this judicial district, and Velvet Caviar is subject to personal jurisdiction in this district.

FACTUAL ALLEGATIONS

28. Case-Mate is one of the leaders in the smart-phone accessory market and a leader in fashionable and stylish smart phone and smart watch accessories. For more than ten years, Case-Mate has built its CASE-MATE brand by providing consumers with premium, stylish products. Case-Mate's products are sold through leading retailers and electronic stores in the U.S. and around the world.

29. Customers can view Case-Mate's products on its website, www.case-mate.com, to purchase one of Case-Mate's many fashionable or stylish cell phone or smart watch accessories.

30. Case-Mate also markets and sells its protective cases through other channels, including various retail locations run by Case-Mate's licensees or distributors. Case-Mate also markets and sells its protective cases on the internet at third party marketplaces such as Amazon.com and on the websites of Case-Mate's licensees and distributors.

31. Through its marketing efforts, Case-Mate has garnered a substantial following. Indeed, Case-Mate's protective cases have been featured in various media outlets and have been used by many well-known celebrities.

32. As part of its efforts to protect its valuable intellectual property, Case-Mate has applied for, has acquired, and/or has been issued several United States Patents.

33. In particular, Case-Mate owns the '798 Patent, titled "CASE FOR ELECTRONIC DEVICES." **See Exhibit A**.

34. In particular, Case-Mate owns the '547 Patent, titled "Electronic Device Case with an Asymmetric Housing Cut-Out." **See Exhibit B**

35. In particular, Case-Mate owns the '550 Patent, titled "Electronic Device Case with Cut-Out Having Asymmetric Corners". **See Exhibit C**.

<u>Defendant's Patent Infringement</u>

36. Rather than innovate and develop its own technology and look that it could market and sell, Velvet Caviar has resorted to slavish copying of Case-Mate's technology and look, almost in its entirety, and passing it off as Velvet Caviar's own.

37. Defendant has not obtained permission from Case-Mate to use the invention claimed in the '798 Patent.

38. Upon information and belief, Velvet Caviar makes, ships, distributes, offers for sale, sells, advertises, and/or imports phone cases and/or phone case components which directly and indirectly infringe one or more of the claims of the '798 Patent.

39. Upon information and belief, the infringing products of the '798 Patent include, but are not limited to, a design of a protective case with an interchangeable hard shell and a soft bumper, which is marketed as Velvet Caviar's "Glitter Dual Cases," "Dual Glitter Case," "Glitter Cases," "Wine Please Cases," "Holo Hearts Case," and "Glitter Waterfall Cases" (the "Accused Products – Group 1"), and advertised for sale and distributed by Velvet Caviar. See **Exhibit G**, screenshots of example Accused Products – Group 1; and See **Exhibit H**, photographs of example Accused Products – Group 1.

40. Defendant has not obtained permission from Case-Mate to use the invention claimed in the '547 Patent.

41. Upon information and belief, Velvet Caviar makes, ships, distributes, offers for sale, sells, advertises, and/or imports phone cases and/or phone case components which directly and indirectly infringe one or more of the claims of the '547 Patent.

42. Defendant has not obtained permission from Case-Mate to use the invention claimed in the '550 Patent.

43. Upon information and belief, Velvet Caviar makes, ships, distributes, offers for sale, sells, advertises, and/or imports phone cases and/or phone case components which directly and indirectly infringe one or more of the claims of the '550 Patent.

44. Upon information and belief, the infringing products of the '798, '547, and/or '550 Patents include, but are not limited to, a design of a protective case with an interchangeable hard shell and a soft bumper and a design of a protective case with an asymmetrical opening on the back, which is marketed as Velvet Caviar's "Flakes Dual Cases" (the "Accused Products – Group 2"), and advertised for sale and distributed by Velvet Caviar. See **Exhibit I**, screenshots of example Accused Products – Group 2; and See **Exhibit J**, photographs of example Accused Products – Group 2.

45. Upon information and belief, Velvet Caviar sells the Accused Products – Group 1 directly to consumers via its website.

46. Upon information and belief, Velvet Caviar sells the Accused Products – Group 2 directly to consumers via its website, and also sells the Accused Products – Group 2 through third party stores and websites, including Urban Outfitters. See **Exhibit F**.

47. Velvet Caviar has infringed, and is still infringing, the '798 Patent by making, using, offering to sell, selling and/or importing cell phone case products that embody the '798 Patent including, but not limited to, the Accused Products – Group 1 and Group 2.

48. The inventions covered by the '798 Patent are of great value to Case-Mate. Defendant's infringing conduct has taken place within the United States without license or permission of Case-Mate, and it is believed that such activity will continue unless enjoined by this Court.

49. Velvet Caviar has infringed, and is still infringing, the '547 Patent by making, using, offering to sell, selling and/or importing cell phone case products that embody the '547 Patent including, but not limited to, the Accused Products – Group 2.

50. The inventions covered by the '547 Patent are of great value to Case-Mate. Defendant's infringing conduct has taken place within the United States without license or permission of Case-Mate, and it is believed that such activity will continue unless enjoined by this Court.

51. Velvet Caviar has infringed, and is still infringing, the '550 Patent by making, using, offering to sell, selling and/or importing cell phone case products that embody the '550 Patent including, but not limited to, the Accused Products – Group 2.

52. The inventions covered by the '550 Patent are of great value to Case-Mate. Defendant's infringing conduct has taken place within the United States without license or permission of Case-Mate, and it is believed that such activity will continue unless enjoined by this Court.

53. Case-Mate has suffered and will continue to suffer damages from the acts of infringement complained of herein.

54. Velvet Caviar's Accused Products – Group 2 cases are so similar to the patented designs in the '547 and/or '550 Patents such that an ordinary observer would confuse one for the other and therefore infringe one or both of the '547 or '550 Patents.

Notice of Patent Infringement

55. Velvet Caviar's infringement of the '798 Patent has been, and continues to be, willful and deliberate. Velvet Caviar has been on constructive notice of the '798 Patent since at least as early as April 14, 2014 when the '798 Patent issued.

56. Velvet Caviar continues to sell the Accused Products – Group 1 and Group 2 despite an objectively high likelihood that their actions constitute infringement of the '798 Patent.

Velvet Caviar knew or should have known that its actions constituted infringement of the '798 Patent.

57. Case-Mate has enforced its patents against other copyists, including bringing at least one litigation for infringement of the '798 Patent. Velvet Caviar likely knew of those prior enforcement efforts.

58. Case-Mate sells products in the United States that embody the '798 Patent, including under the brand name Case-Mate and at the website www.case-mate.com.

59. Case-Mate has complied with the statutory requirement of placing a notice of the Letters Patent on all cell phone cases that it manufactures and sells embodying the '798 Patent.

60. Velvet Caviar's infringement of the '547 Patent has been, and continues to be, willful and deliberate. Velvet Caviar has been on constructive notice of the '547 Patent since at least as early as May 5, 2015 when the '547 Patent issued.

61. Velvet Caviar continues to sell the Accused Products – Group 2 despite an objectively high likelihood that their actions constitute infringement of the '547 Patent. Velvet Caviar knew or should have known that its actions constituted infringement of the '547 Patent.

62. Case-Mate has enforced its patents against other copyists, including bringing at least one litigation for infringement of the '547 Patent. Velvet Caviar likely knew of those prior enforcement efforts.

63. Case-Mate sells products in the United States that embody the '547 Patent, including under the brand name Case-Mate and at the website www.case-mate.com.

64. Case-Mate has complied with the statutory requirement of placing a notice of the Letters Patent on all cell phone cases that it manufactures and sells embodying the '547 Patent.

65. Velvet Caviar's infringement of the '550 Patent has been, and continues to be, willful and deliberate. Velvet Caviar has been on constructive notice of the '550 Patent since at least as early as May 5, 2015 when the '550 Patent issued.

66. Velvet Caviar continues to sell the Accused Products – Group 2 despite an objectively high likelihood that its actions constitute infringement of the '550 Patent. Velvet Caviar knew or should have known that its actions constituted infringement of the '550 Patent.

67. Case-Mate has enforced its patents against other copyists, including bringing at least one litigation for infringement of the '550 Patent. Velvet Caviar likely knew of those prior enforcement efforts.

68. Case-Mate sells products in the United States that embody the '550 Patent, including under the brand name Case-Mate and at the website www.case-mate.com.

69. Case-Mate has complied with the statutory requirement of placing a notice of the Letters Patent on all cell phone cases that it manufactures and sells embodying the '550 Patent.

COUNT NO. 1
(Direct Infringement 35 U.S.C. §271(a) by Velvet Caviar)
(Infringement of the '798 Patent)

70. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

71. The Accused Products – Group 1 and Group 2 – infringe the '798 Patent because they include the claim limitations of one or more of the claims of the '798 Patent, either literally or under the judicially-created Doctrine of Equivalents.

72. Velvet Caviar has infringed, and is still infringing, the '798 Patent by making, using, offering to sell, selling and/or importing cell phone cases that embody the '798 Patent

including, but not limited to, the Accused Products – Group 1 and Group 2. Velvet Caviar will continue to infringe the '798 Patent unless enjoined by this Court.

73. The '798 Patent was and is valid, enforceable and subsisting at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. §282.

74. Regarding infringement, for example Claim 1 of the '798 Patent is infringed by the Accused Products – Group 1 and Group 2. According to Claim 1, for example, the Accused Products – Group 1 and Group 2 have all of the features of the claim, including:

   a. "A mobile device case for protecting an electronic device, [see page 2 of **Exhibit H** and page 2 of **Exhibit J**];

   b. the case comprising an inner layer and an outer layer, [see pages 3,4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**];

   c. wherein the inner layer comprises a resilient rectangular-shaped flexible form-fit bumper comprising four sides and an open center, the four sides comprising a face surface and a collar extending generally perpendicularly from the face surface, [see pages 3, 4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**];

   d. wherein the face surface comprises one or more inwardly-directed lips and one or more outwardly-extending ledges, the bumper further comprising one or more raised protrusions extending from the collar to the one or more ledges, [see pages 3, 4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**];

   e. wherein the outer layer comprises a form-fit hard shell [see pages 3, 4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**] that interfaces and conforms with the inner layer bumper [see pages 3, 4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**] and comprises a base and one or more side walls extending perpendicularly therefrom,

and wherein the side walls comprise one or more cutouts [see pages 3, 4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**] configured for receiving the one or more raised protrusions of the bumper [see pages 3, 4, 5 of **Exhibit H** and pages 7, 8, 9 of **Exhibit J**]."

75. Case-Mate is the owner of all right, title, and interest in and to the '798 Patent and possess all rights of recovery under the '798 Patent.

76. Upon information and belief, Velvet Caviar had actual knowledge of the '798 Patent at all times relevant to this action.

77. Velvet Caviar's infringement has irreparably injured Case-Mate and will continue to injure Case-Mate unless and until this Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Velvet Caviar's products that fall within the scope of the '798 Patent.

78. Upon information and belief, Velvet Caviar has made profits by virtue of its infringement of the '798 Patent.

79. Velvet Caviar's infringement of the '798 Patent has been and continues to be willful and deliberate.

80. Velvet Caviar's infringement has injured Case-Mate, and Case-Mate is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, treble damages, costs, pre- and post-judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

COUNT NO. 2
(Direct Infringement 35 U.S.C. §271(a) by Velvet Caviar)
(Infringement of the '547 and/or '550 Design Patents)

81. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

82. The Accused Products – Group 2 infringe one or both of the '547 or '550 Design Patents because they are so visually similar that an ordinary observer of the designs shown in the '547 or '550 Patents and the design of Accused Products – Group 2 – would confuse one for the other.

83. Velvet Caviar has infringed, and is still infringing, the '547 or '550 Design Patents by making, using, offering to sell, selling and/or importing cell phone cases that embody the '547 or '550 Patents including, but not limited to, the Accused Products – Group 2. Velvet Caviar will continue to infringe the '547 or '550 Patents unless enjoined by this Court.

84. The '547 or '550 Patents were and are valid, enforceable and subsisting at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. §282.

85. Case-Mate is the owner of all right, title, and interest in and to the '547 and '550 Design Patents and possess all rights of recovery under the '547 and '550 Patents.

86. Upon information and belief, Velvet Caviar had actual knowledge of the '547 or '550 Patents at all times relevant to this action.

87. The acts of Velvet Caviar in copying Case-Mate's patented designs in the '547 or '550 Patents constitute patent infringement in violation of the 35 U.S.C. §271 *et seq*.

88. Velvet Caviar's infringement has irreparably injured Case-Mate and will continue to injure Case-Mate unless and until this Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and

importation of Velvet Caviar's products that fall within the scope of the '547 or '550 Patents.

89. Upon information and belief, Velvet Caviar has gained profits by virtue of its infringement of the '547 or '550 Patents.

90. Velvet Caviar's infringement of the '547 or '550 Patents has been and continues to be willful and deliberate.

91. Velvet Caviar's infringement has injured Case-Mate, and pursuant to 35 U.S.C. §289 and/or 35 U.S.C. §284 Case-Mate is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, Velvet Caviar's profits, a reasonable royalty award, treble damages, costs, pre- and post-judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff Case-Mate prays that this Court enter an Order in favor of Plaintiff Case-Mate and against Defendant Velvet Caviar Group Inc, its subsidiaries, affiliates, agents, servants, employees, attorneys and all persons in active concert or in participation with Defendant as follows:

A) Judgment that Defendant directly infringes and has infringed the '798 Patent;

B) Judgment that Defendant directly infringes and has infringed one or both of the '547 or '550 Patents;

C) A permanent injunction prohibiting Defendant from further acts of infringement of the '798 Patent;

D) A permanent injunction prohibiting Defendant from further acts of infringement of the '547 and/or '550 Patents;

E) Damages sufficient to compensate Case-Mate for the infringement of the '798 Patent by Defendant in an amount to be proved at trial, but in no event less than a reasonable royalty, together with pre-judgment interest from the date the infringement began;

F) Damages sufficient to compensate Case-Mate for the infringement of the '547 or '550 Patents by Defendant in an amount to be proved at trial, but in no event less than a reasonable royalty or Defendant's profits, whichever is greater, together with pre-judgment interest from the date the infringement began;

G) An award to Case-Mate of three times the amount of damages so determined, as provided for in 35 U.S.C. §284;

H) An award to Case-Mate of its costs in this action;

I) A finding that this case is "exceptional," and an award to Case-Mate of its attorneys' fees under 15 U.S.C. §1117 and 35 U.S.C. §285;

J) Awarding Case-Mate such other and further relief as the Court shall deem just and equitable under the circumstances.

## JURY DEMAND

WHEREFORE, Plaintiff Case-Mate requests a trial by jury on all issues so triable as per Federal Rule of Civil Procedure 38(b).

|  |  |
|---|---|
| Dated: January 12, 2018<br>Tenafly, New Jersey | Respectfully submitted,<br>*/s/Matthew J. Ross*<br>Matthew J. Ross<br>Email: MRoss@MuellerFirm.com<br>Mueller Law Group<br>19 Engle Street<br>Tenafly, New Jersey 07670<br>Tel:  (201) 567-4969<br>Fax:  (201) 567-4793<br><br>*/s/ Arthur A. Gardner*<br>Arthur A. Gardner, GA Bar No. 283,995<br>Email: agardner@gardnergroff.com;<br>       litigation@gardnergroff.com<br>Gardner Groff Greenwald & Villanueva, PC<br>2018 Powers Ferry Road, Suite 800<br>Atlanta, Georgia 30339<br>Tel:  (770) 984-2300<br><br>Counsel for Plaintiff Case-Mate, Inc. |