**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Case-Mate, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civ. Action No. 2:18-cv-00238-FB-AYS |
| v. | ) |
| | ) |
| Velvet Caviar Group, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | )   **JURY TRIAL DEMANDED** |
| Velvet Caviar Group, Inc., | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Case-Mate, Inc., | ) |
| | ) |
| Counterclaim-Defendant. | ) |
| | ) |

**DEFENDANT VELVET CAVIAR GROUP, INC.'S
AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF CASE-MATE, INC.'S COMPLAINT**

Defendant Velvet Caviar Group, Inc. ("Velvet Caviar"), by and through its counsel, hereby files an amended answer to the Complaint (ECF No. 1) filed by Plaintiff Case-Mate, Inc. ("Case-Mate") as follows:

**ANSWER**

1.       Velvet Caviar admits that Case-Mate has brought an action purporting to arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271. Velvet Caviar denies all other allegations or implications of Paragraph 1 of the Complaint.

2.       Velvet Caviar admits that Case-Mate has brought an action seeking legal and equitable remedies for alleged infringement of U.S. Patent No. 8,695,798 entitled "Case For

Electronic Devices" ("the '798 Patent"), U.S. Design Patent No. D728,547 entitled "Electronic Device Case with an Asymmetric Housing Cut-Out" ("the '547 Patent"), and U.S. Design Patent No. D728,550 entitled "Electronic Device Case with Cut-Out Having Asymmetric Corners" ("the '550 Patent").  Velvet Caviar denies all other allegations or implications of Paragraph 2 of the Complaint.

## PATENTS-IN-SUIT

3.     Velvet Caviar admits that the face of the '798 Patent lists Case-Mate as the assignee.  Velvet Caviar denies that the '798 Patent was issued on April 14, 2014.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 3 of the Complaint and, on that basis, denies those allegations.

4.     Velvet Caviar admits that the face of the '798 Patent lists Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.     Velvet Caviar admits that a copy of the '798 Patent is attached to the Complaint as Exhibit A.  Velvet Caviar denies all other allegations or implications of Paragraph 5 of the Complaint.

6.     Velvet Caviar admits that the face of the '547 Patent lists Case-Mate as the assignee and that, on May 5, 2015, the U.S. Patent and Trademark Office ("USPTO") issued the '547 Patent entitled "Electronic Device Case with an Asymmetric Housing Cut-Out."  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 6 of the Complaint and, on that basis, denies those allegations.

7.     Velvet Caviar admits that the face of the '547 Patent lists Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 7 of the Complaint and, on that basis, denies those allegations.

8.     Velvet Caviar admits that a copy of the '547 Patent is attached to the Complaint as Exhibit B.  Velvet Caviar denies all other allegations or implications of Paragraph 8 of the Complaint.

9.     Velvet Caviar admits that the face of the '550 Patent lists Case-Mate as the assignee and that, on May 5, 2015, the U.S. Patent and Trademark Office ("USPTO") issued the '550 Patent entitled "Electronic Device Case with Cut-Out Having Asymmetric Corners." Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 9 of the Complaint and, on that basis, denies those allegations.

10.    Velvet Caviar admits that the face of the '550 Patent lists Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 10 of the Complaint and, on that basis, denies those allegations.

11.    Velvet Caviar admits that a copy of the '550 Patent is attached to the Complaint as Exhibit C.  Velvet Caviar denies all other allegations or implications of Paragraph 11 of the Complaint.

## THE PARTIES

12.    Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, on that basis, denies those allegations.

679563.1

13.     Velvet Caviar admits that it is a New York Corporation.  Velvet Caviar denies all other allegations or implications of Paragraph 13 of the Complaint.

14.     Velvet Caviar admits that it conducts business in the United States through the internet.  Velvet Caviar denies all other allegations or implications of Paragraph 14 of the Complaint.

15.     Velvet Caviar admits that it ships products to customers in New York.  Velvet Caviar denies all other allegations or implications of Paragraph 15 of the Complaint.

16.     Velvet Caviar admits that it conducts and has conducted business within this District, and that it is a New York Corporation.  Velvet Caviar denies all other allegations or implications of Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Velvet Caviar admits the allegations of Paragraph 17 of the Complaint.

18.     Velvet Caviar admits that this Court has personal jurisdiction over Velvet Caviar.  Velvet Caviar denies all other allegations or implications of Paragraph 18 of the Complaint.

19.     Velvet Caviar admits that it conducts business in New York.  Velvet Caviar denies all other allegations or implications of Paragraph 19 of the Complaint.

20.     Velvet Caviar denies the allegations of Paragraph 20 of the Complaint.

21.     Velvet Caviar denies the allegations of Paragraph 21 of the Complaint.

22.     Velvet Caviar denies the allegations of Paragraph 22 of the Complaint.

23.     Velvet Caviar denies the allegations of Paragraph 23 of the Complaint.

24.     Velvet Caviar admits that it sells some of its products to Urban Outfitters.  Velvet Caviar denies all other allegations or implications of Paragraph 24 of the Complaint.

25.     Velvet Caviar admits that it has shipped products to customers in New York from sales made through its website.  Velvet Caviar is without knowledge or information sufficient to

form a belief as to the truth of all other allegations or implications of Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.     Velvet Caviar denies the allegations of Paragraph 26 of the Complaint.

27.     Velvet Caviar admits that venue is proper in the Eastern District of New York. Velvet Caviar denies all other allegations or implications of Paragraph 13 of the Complaint.

## **FACTUAL ALLEGATIONS**

28.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, on that basis, denies those allegations.

29.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and, on that basis, denies those allegations.

30.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, on that basis, denies those allegations.

32.     Velvet Caviar admits that the face of the asserted '798, '547, and '550 Patents list Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 32 of the Complaint and, on that basis, denies those allegations.

33.     Velvet Caviar admits that the face of the '798 Patent lists Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the

truth of all other allegations or implications of Paragraph 33 of the Complaint and, on that basis, denies those allegations.

34.     Velvet Caviar admits that the face of the '547 Patent lists Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 34 of the Complaint and, on that basis, denies those allegations.

35.     Velvet Caviar admits that the face of the '550 Patent lists Case-Mate as the assignee.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 35 of the Complaint and, on that basis, denies those allegations.

36.     Velvet Caviar denies the allegations of Paragraph 36 of the Complaint.

37.     Velvet Caviar denies the allegations of Paragraph 37 of the Complaint.

38.     Velvet Caviar denies the allegations of Paragraph 38 of the Complaint.

39.     Velvet Caviar denies the allegations of Paragraph 39 of the Complaint.

40.     Velvet Caviar denies the allegations of Paragraph 40 of the Complaint.

41.     Velvet Caviar denies the allegations of Paragraph 41 of the Complaint.

42.     Velvet Caviar denies the allegations of Paragraph 42 of the Complaint.

43.     Velvet Caviar denies the allegations of Paragraph 43 of the Complaint.

44.     Velvet Caviar denies the allegations of Paragraph 44 of the Complaint.

45.     Velvet Caviar admits that it sells the example Accused Products – Group 1 shown in Exhibit G to the Complaint through VelvetCaviar.com.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 45 of the Complaint and, on that basis, denies those allegations.

46.     Velvet Caviar admits that it sells the example Accused Products – Group 2 listed in Exhibit I to the Complaint through VelvetCaviar.com.  Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of all other allegations or implications of Paragraph 46 of the Complaint and, on that basis, denies those allegations.

47.     Velvet Caviar denies the allegations of Paragraph 47 of the Complaint.

48.     Velvet Caviar denies the allegations of Paragraph 48 of the Complaint.

49.     Velvet Caviar denies the allegations of Paragraph 49 of the Complaint.

50.     Velvet Caviar denies the allegations of Paragraph 50 of the Complaint.

51.     Velvet Caviar denies the allegations of Paragraph 51 of the Complaint.

52.     Velvet Caviar denies the allegations of Paragraph 52 of the Complaint.

53.     Velvet Caviar denies the allegations of Paragraph 53 of the Complaint.

54.     Velvet Caviar denies the allegations of Paragraph 54 of the Complaint.

55.     Velvet Caviar denies the allegations of Paragraph 55 of the Complaint.

56.     Velvet Caviar denies the allegations of Paragraph 56 of the Complaint.

57.     Velvet Caviar denies the allegations of Paragraph 57 of the Complaint.

58.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and, on that basis, denies those allegations.

59.     Velvet Caviar denies the allegations of Paragraph 59 of the Complaint.

60.     Velvet Caviar denies the allegations of Paragraph 60 of the Complaint.

61.     Velvet Caviar denies the allegations of Paragraph 61 of the Complaint.

62.     Velvet Caviar denies the allegations of Paragraph 62 of the Complaint.

63.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and, on that basis, denies those allegations.

64.     Velvet Caviar denies the allegations of Paragraph 64 of the Complaint.

65.     Velvet Caviar denies the allegations of Paragraph 65 of the Complaint.

66.     Velvet Caviar denies the allegations of Paragraph 66 of the Complaint.

67.     Velvet Caviar denies the allegations of Paragraph 67 of the Complaint.

68.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint and, on that basis, denies those allegations.

69.     Velvet Caviar denies the allegations of Paragraph 69 of the Complaint.

## <u>COUNT NO. 1</u>

70.     Paragraph 70 contains no factual allegations to which a response is required.  To the extent Paragraph 70 incorporates any other factual allegations of the Answer, Velvet Caviar incorporates its response to same.

71.     Velvet Caviar denies the allegations of Paragraph 71 of the Complaint.

72.     Velvet Caviar denies the allegations of Paragraph 72 of the Complaint.

73.     Velvet Caviar denies the allegations of Paragraph 73 of the Complaint.

74.     Velvet Caviar denies the allegations of Paragraph 74 of the Complaint.

75.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint and, on that basis, denies those allegations.

76.     Velvet Caviar denies the allegations of Paragraph 76 of the Complaint.

77.     Velvet Caviar denies the allegations of Paragraph 77 of the Complaint.

679563.1

78.     Velvet Caviar denies the allegations of Paragraph 78 of the Complaint.

79.     Velvet Caviar denies the allegations of Paragraph 79 of the Complaint.

80.     Velvet Caviar denies the allegations of Paragraph 80 of the Complaint.

## COUNT NO. 2

81.     Paragraph 81 contains no factual allegations to which a response is required.  To the extent Paragraph 81 incorporates any other factual allegations of the Answer, Velvet Caviar incorporates its response to same.

82.     Velvet Caviar denies the allegations of Paragraph 82 of the Complaint.

83.     Velvet Caviar denies the allegations of Paragraph 83 of the Complaint.

84.     Velvet Caviar denies the allegations of Paragraph 84 of the Complaint.

85.     Velvet Caviar is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint and, on that basis, denies those allegations.

86.     Velvet Caviar denies the allegations of Paragraph 86 of the Complaint.

87.     Velvet Caviar denies the allegations of Paragraph 87 of the Complaint.

88.     Velvet Caviar denies the allegations of Paragraph 88 of the Complaint.

89.     Velvet Caviar denies the allegations of Paragraph 89 of the Complaint.

90.     Velvet Caviar denies the allegations of Paragraph 90 of the Complaint.

91.     Velvet Caviar denies the allegations of Paragraph 91 of the Complaint.

## PRAYER FOR RELIEF/REQUEST FOR REMEDIES

Velvet Caviar denies that Case-Mate is entitled to the relief requested.  To the extent that any statement in the prayer for relief is deemed factual, it is denied.

*     *     *

679563.1

## AFFIRMATIVE DEFENSES

Velvet Caviar incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses to the claims set forth in the Complaint.

### First Affirmative Defense

92.     The Complaint fails to state a claim against Velvet Caviar upon which relief may be granted.

### Second Affirmative Defense

93.     Velvet Caviar has not infringed, nor is it infringing, any of the claims of the '798, '547, or '550 Patents directly, indirectly, literally or under the doctrine of equivalents.

### Third Affirmative Defense

94.     The claims of the '798, '547, and '550 Patents are each invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

95.     Case-Mate's claims for relief and prayers for damages are barred, in whole or in part, by the doctrine of laches, estoppel, unclean hands and/or waiver.

### Fifth Affirmative Defense

96.     Case-Mate's claims for relief and prayers for damages are barred, in whole or in part, because Case-Mate failed to satisfy the requirements of 35 U.S.C. §§ 286, 287, or 288.

97.     Upon information and belief, Case-Mate does not mark any of its products with the '798, '547, or '550 Patents pursuant to 35 U.S.C. § 287.

### Reservation of Rights

98.     Velvet Caviar reserves the right to assert any additional defenses that further investigation or discovery may indicate.

* * *

## COUNTERCLAIMS

Counterclaim-Plaintiff Velvet Caviar Group Inc. ("Velvet Caviar") hereby counterclaims against Counterclaim-Defendant Case-Mate, Inc. ("Case-Mate") as follows:

## PARTIES

1. Velvet Caviar is a corporation organized and existing under the laws of the State of New York.

2. Upon information and belief, Case-Mate is a Georgia corporation with a principal place of business at 7000 Central Parkway, Suite 1050, Atlanta, Georgia 30328.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. §§ 101 et seq., based upon an actual case and controversy between the parties. That actual case or controversy between the parties is evidenced by Case-Mate's assertions in the Complaint that certain of Velvet Caviar's products infringe U.S. Patent No. 8,695,798 ("the '798 Patent"), U.S. Design Patent No. D728,547 ("the '547 Patent"), and U.S. Design Patent No. D728,550 ("the '550 Patent"), and also by Case-Mate's actual litigation against Velvet Caviar in this case involving the alleged infringement, validity and enforceability of those patents.

4. This Court has original jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and/or 1338(a).

5. This Court has personal jurisdiction over Case-Mate because Case-Mate has subjected themselves to the jurisdiction of this Court for purposes of these counterclaims.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

679563.1

## BACKGROUND

7.       Velvet Caviar's business is directed to designing and selling stylish cell phone cases and other accessories.  As a business, it strives to deliver a wide range of attractive, unique, and protective phone cases.  It prides itself on offering many one-of-a-kind designs crafted by its own in-house artists and owns a portfolio of nearly 40 copyright registrations to protect some of its best-selling original designs.

8.       In its Complaint, Case-Mate purports to own the '798 Patent, the '547 Patent, and the '550 Patent.

## The Accused Products Do Not Infringe the Asserted Patents

9.       Case-Mate asserts that the products shown in Exhibits G and H to the Complaint (which it refers to as "Accused Products – Group 1") infringe the '798 Patent.

10.      Case-Mate also asserts that the products shown in Exhibits I and J to the Complaint (which it refers to as "Accused Products – Group 2") infringe the '798 Patent, the '547 Patent, and the '550 Patent.

11.      Case-Mate does not specify in its Complaint any claims of the '798 Patent that it asserts the Accused Products infringe, except for Claim 1 of the '798 Patent.

12.      Claim 1 of the '798 Patent recites: "A mobile device case for protecting an electronic device, the case comprising an inner layer and an outer layer, wherein the inner layer comprises a resilient rectangular-shaped flexible form-fit bumper comprising four sides and an open center, the four sides comprising a face surface and a collar extending generally perpendicularly from the face surface, wherein the face surface comprises one or more inwardly-directed lips and one or more outwardly-extending ledges, the bumper further comprising one or more raised protrusions extending from the collar to the one or more ledges, wherein the outer layer comprises a form-fit hard shell that interfaces and conforms with the inner layer bumper

and comprises a base and one or more side walls extending perpendicularly therefrom, and wherein the side walls comprise one or more cutouts configured for receiving the one or more raised protrusions of the bumper."

13.     Contrary to Case-Mate's allegations in the Complaint (ECF No. 1 ¶ 74), none of the Accused Products – Group 1 or Group 2 infringe the '798 Patent, at least because they do not practice each and every one of these limitations of Claim 1 of the '798 Patent, either literally or under the doctrine of equivalents.  (*See e.g.*, ECF No. 1-10, Exhibit H, at 2–5; ECF No. 1-12, Exhibit J, at 2, 7–9.)

14.     The '547 Patent claims "[t]he ornamental design for an electronic device case with an asymmetric housing cut-out, substantially as shown and described" in the '547 Patent.

15.     Figure 6 of the '547 Patent shows the following depiction of a back view of an electronic device case:



**FIG. 6**

16.     The '550 Patent claims "the ornamental design for an electronic device case with a cut-out having asymmetric corners, substantially as shown and described" in the '550 Patent.

17.     Figure 6 of the '550 Patent shows the following depiction of a back view an electronic device case:



**FIG. 6**

18.     The Accused Product shown in Exhibit J to the Complaint (ECF No. 1-12 at 5) shows a back view and appears as follows:



19.     The appearance of the Accused Product shown in Exhibit J is substantially different than the designs claimed in the '547 or '550 Patents.  The differences are such that an ordinary observer, with knowledge of the prior art and giving such attention as a purchaser

usually gives, would not consider the design of the Accused Product to be substantially the same as the designs of either the '547 or '550 Patents since the resemblance between the design of the Accused Product and the designs of either the '547 or '550 Patents would not deceive the ordinary observer, inducing him to purchase one supposing it to be the other.  Contrary to Case-Mate's allegations in the Complaint (ECF No. 1 ¶ 82), the Accused Products – Group 2 are not so visually similar that an ordinary observer of the designs shown in the '547 or '550 Patents and the designs of Accused Products – Group 2 would confuse one for the other.

## The Asserted Patents Are Invalid

20.     Velvet Caviar also does not infringe any of the '798, '547, or '550 Patents, at least because each of the '798, '547, and '550 Patents are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

21.     The '798 Patent, as best understood, relates to a mobile device case comprising separate inner and outer layers, wherein the inner layer comprises a flexible bumper and wherein the outer layer comprises a hard shell.

22.     The claims of the '798 Patent are invalid, at least under 35 U.S.C. §§ 102 and/or 103 as being unpatentable over the prior art, including but not limited to the art cited in the '798 Patent.

23.     The claim of the '547 Patent, as best understood, is limited to an edge of an interior surface of an electronic case defining a cut-out therein so as not to obscure the camera lens of an electronic device such as a cell phone.

24.     The claim of the '547 Patent is invalid, at least under 35 U.S.C. §§ 102 and/or 103 as being unpatentable over the prior art, including but not limited to the art cited in the '547 and '550 Patents.

25. The claim of the '547 Patent is also invalid under 35 U.S.C. § 112 ¶ 1 since the drawings are so unclear that the claimed invention is not described in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the same. The precise appearance and three-dimensional configuration of the claimed design cannot be fully understood without resorting to conjecture and because multiple varying interpretations of the claimed design are possible from the disclosure provided.

26. The claim of the '547 Patent is also invalid under 35 U.S.C. § 112 ¶ 2 since the drawings are so unclear that the claim fails to particularly point out and distinctly claim the subject matter that applicant regards as the invention.

27. The claim of the '547 Patent is also invalid under 35 U.S.C. § 171 because the claimed features do not relate to an "ornamental design" since the design of the claimed edge is dictated by its function as a cut-out in the electronic case, which function includes not obscuring the camera lens of an electronic device such as a cell phone.

28. The claim of the '550 Patent, as best understood, is limited to certain corner segments of an edge of an interior surface of a cell phone case defining a cut-out therein so as not to obscure the camera lens of an electronic device such as a cell phone.

29. The claim of the '550 Patent is invalid, at least under 35 U.S.C. §§ 102 and/or 103 as being unpatentable over the prior art, including, but not limited to the art cited in the '547 and '550 Patents.

30. The claim of the '550 Patent is also invalid under 35 U.S.C. § 112 ¶ 1 since the drawings are so unclear that the claimed invention is not described in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the same. The precise appearance and three-dimensional configuration of the claimed design cannot be fully

-16-

understood without resorting to conjecture and because multiple varying interpretations of the claimed design are possible from the disclosure provided.

31.     The claim of the '550 Patent is invalid under 35 U.S.C. § 112 ¶ 2 since the drawings of the '550 Patent are so unclear that the claim fails to particularly point out and distinctly claim the subject matter that applicant regards as the invention.

32.     The claim of the '550 Patent is invalid under 35 U.S.C. § 171 because the claimed features do not relate to an "ornamental design" since the design of the claimed corner segments is dictated by the function of the cut-out in the electronic case, which function includes  not obscuring the camera lens of an electronic device such as a cell phone.

## FIRST COUNTERCLAIM

33.     Velvet Caviar reasserts and realleges each and every allegation contained in paragraphs 1–32 as if fully set forth herein.

34.     Velvet Caviar is not infringing any valid and enforceable claim of the '798 Patent, directly, indirectly, literally or under the doctrine of equivalents.

35.     As discussed above, none of the Accused Products – Group 1 or Group 2 infringe the '798 Patent, at least because they do not practice each and every one of these limitations of Claim 1 of the '798 Patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

36.     Velvet Caviar reasserts and realleges each and every allegation contained in paragraphs 1–35 as if fully set forth herein.

37.     Upon information and belief, one or more claims of the '798 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

-17-

## THIRD COUNTERCLAIM

38.     Velvet Caviar reasserts and realleges each and every allegation contained in paragraphs 1–37 as if fully set forth herein.

39.     Velvet Caviar is not infringing any valid and enforceable claim of the '547 Patent, directly, indirectly, literally or under the doctrine of equivalents.

40.     As discussed above, none of the Accused Products – Group 2 infringe the '547 Patent, at least because the Accused Products – Group 2 is not substantially the same as the design shown in the '547 Patent since, in the eye of the ordinary observer with knowledge of the art and giving such attention as a purchaser usually gives, the resemblance of the design of the Accused Products – Group 2 and the design of the '547 Patent would not deceive the ordinary observer, inducing him to purchase one supposing it to be the other.

## FOURTH COUNTERCLAIM

41.     Velvet Caviar reasserts and realleges each and every allegation contained in paragraphs 1–40 as if fully set forth herein.

42.     Upon information and belief, one or more claims of the '547 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 102, 103, 112 and/or 171.

## FIFTH COUNTERCLAIM

43.     Velvet Caviar reasserts and realleges each and every allegation contained in paragraphs 1–42 as if fully set forth herein.

44.     Velvet Caviar is not infringing any valid and enforceable claim of the '550 Patent, directly, indirectly, literally or under the doctrine of equivalents.

45.     As discussed above, none of the Accused Products – Group 2 infringe the '550 Patent, at least because the Accused Products – Group 2 is not substantially the same as   the

design shown in the '550 Patent since, in the eye of the ordinary observer, with knowledge of the prior art and giving such attention as a purchaser usually gives, the resemblance of the design of the Accused Products – Group 2 and the design of the '547 Patent would not deceive the ordinary observer, inducing him to purchase one supposing it to be the other.

## SIXTH COUNTERCLAIM

46.     Velvet Caviar reasserts and realleges each and every allegation contained in paragraphs 1–45 as if fully set forth herein.

47.     Upon information and belief, one or more claims of the '550 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 102, 103, 112 and/or 171.

## PRAYER FOR RELIEF

**WHEREFORE**, Velvet Caviar prays for this Court to grant the following relief:

A.     Entry of a declaratory judgment that Velvet Caviar does not infringe any valid and enforceable claim of the '798, '547, or '550 Patents;

B.     Entry of a declaratory judgment that the '798, '547, and '550 Patents are invalid;

C.     Dismissal of Case-Mate's Complaint;

D.     Judgment in favor of Velvet Caviar on Case-Mate's Complaint;

E.     Judgment that this is an exceptional case under 35 U.S.C. § 285, and that Case-Mate pay to Velvet Caviar all their attorneys' fees; and

F.     Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Velvet Caviar respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  June 1, 2018      Respectfully submitted,

           AMSTER, ROTHSTEIN & EBENSTEIN LLP

By: *s/ Douglas A. Miro*
   Douglas A. Miro
   Sandra A. Hudak
   90 Park Avenue
   New York, New York 10016
   Telephone: (212) 336-8000
   Fax:   (212) 336-8001
   Email:  dmiro@arelaw.com
       shudak@arelaw.com

   ***Attorneys for Defendant Velvet Caviar***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2018 I electronically transmitted the foregoing document entitled **DEFENDANT VELVET CAVIAR GROUP, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF CASE-MATE, INC.'S COMPLAINT** to the Clerk's Office using the CM/ECF system, for filing and transmittal of a Notice of Electronic Filing to all Counsel of record.

<i>s/ Douglas A. Miro</i>

Douglas A. Miro

679563.1